**FILED**

JUN 2 9 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

Stephen C. Ballard 10720-031 )
F.C.I. Waseca                     )
P.O. Box 1731                     )
Waseca, MN 56093                  )
(Enter your full name, prison number
and address)

v.

Warden Carol Holinka, Harrell Watts,
National Inmate Appeals Adm., and  )
Harley Lappin, Dir. of the FBOP,   )
all in their individual and        )
official capacities,               )
(Enter the full name and address(es),
if know, of the defendant(s) in this
action)

Case: 1:07-cv-01166
Assigned To : Roberts, Richard W.
Assign. Date : 6/29/2007
Description: Pro Se Gen. Civil

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

### Instructions for filing a Complaint by a Prisoner
### Under the Civil Rights Act, 42 U.S.C. § 1983

This packet contains one copy of a complaint form and one copy of an application to proceed *in forma pauperis*. To start an action, you must file an original and one copy of this complaint form.

Your complaint must be clearly handwritten or typewritten and you must sign and declare under penalty of perjury that the facts are correct. If you need additional space to answer a question, you may use another blank page.

Your complaint can be brought in this Court only if one or more of the named defendants is located within the District of Columbia. Further, you must file a separate for each claim that you have unless they are related to the same incident or problem. The law requires that you state only facts in your complaint.

You must supply a certified copy of your prison trust account, pursuant to the provisions of 28 U.S.C. §1915, effective April 26, 1996. The filing fee is $350.00. If insufficient funds exist in your prison account at the time of filing your complaint, the court must access, and when funds exist, collect an initial filing fee equal to 20 percent of the greater of:

(1)    the average monthly deposits to your prison account, or
(2)    the average monthly balance of your prison account for the prior six-month period.

**RECEIVED**

JUN 2 0 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1

Thereafter, you are required to make monthly payments of 20% of the preceding month's income. The agency having custody over you must forward payments from your account to the clerk of the court each time the amount in the account exceeds $10.00 until the filing fees are paid.

Therefore, before an assessment can be made regarding your ability to pay, you must submit a certified copy of your prison account for the prior six-month period.

When this form is completed, mail it and the copy to the Clerk of the United States District Court for the District of Columbia, 333 Constitution Ave., N.W., Washington, D.C. 20001.

I.    **SUCCESSIVE CLAIMS**

Pursuant to the Prison Litigation Reform Act of 1995, unless a prisoner claims to be in "imminent danger of serious physical injury," he or she may not file a civil action or pursue a civil appeal *in forma pauperis* "if the prisoner has, on three or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or they failed to state a claim upon which relief could be granted."

II.    **PREVIOUS LAWSUITS**

A.    Have you begun other lawsuits in state or federal court dealing with the same or similar facts involved in this action?    Yes ( )        No ( X )

B.    Have you begun other lawsuits in state or federal court relating to your imprisonment? Yes ( )        No ( X )

C.    If your answers to A or B is Yes, describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

    1.    Parties to this previous lawsuit.

        Plaintiffs: _____

        Defendants: _____

    2.    Court (If federal court, please name the district; if state court name the county.)
        _____

    3.    Docket number: _____

    4.    Name of judge to whom case was assigned: _____

5.  Disposition (for example: Was the case dismissed?  Was it appealed?  Is it still pending?) _____

6.  Approximate date of filing lawsuit: _____

7.  Approximate date of disposition: _____

## III.  PLACE OF CONFINEMENT

Federal Correctional Institution, Waseca, Minnesota
_____

A.  Is there a prisoner grievance procedure in this institution? Yes ( X )    No ( )
If your answer is Yes, go to Question III B.  If your answer is No, skip Questions III, B, C and D and go to Question III E.

B.  Did you present the facts relating to your complaint in the prisoner grievance procedure?
Yes ( X )    No ( )

C.  If your answer is Yes to Question III B:

1.  To whom and when did you complain? June 15 and Nov. 13, 2006, Central Office, FBOP

2.  Did you complain in writing?  (Furnish copy of the complaint you made, if you have one.)    Yes ( X )    No ( )

3.  What, if any, response did you receive?  (Furnish copy of response, if in writing.)   Denial

4.  What happened as a result of your complaint?  Policy remained in effect

D.  If your answer is No to Question III B, explain why not. _____

E.  If there is no prison grievance procedure in the institution, did you complain to prison authorities?    Yes ( )    No ( )

F.  If your answer is Yes to Question III E;

1.  To whom and when did you complain? _____

2.    Did you complain in writing?  (Furnish copy of the complaint you made, if you have one.)    Yes (   )    No (   )

3.    What, if any response did you receive?  (Furnish copy of response, if in writing.)
_____

4.    What happened as a result of your complaint?  _____
_____
_____

## IV.    PARTIES

In item A below, place your name and prison number in the first blank and your present address in the second blank.  Do the same for additional plaintiffs, if any.

A.    Name of Plaintiff:  Stephen C. Ballard
Address:  FCI Waseca, P.O. Box 1731, Waseca, MN 56093

In item B below, place the full name of the defendant(s) in the first blank, their official position in the second blank, their place of employment in the third blank, and their address in the fourth blank.  Do the same for additional defendants, if any.

B.    Defendant:  Carol Holinka
Warden
Address:  FCI Waseca
1000 University Dr. S.W., Waseca, MN 56093

Defendant:  Harrell Watts
National Inmate Appeals Administrator
Address:  Office of the General Counsel, Fed. B.O.P.
320 First St. N.W., Washington, D.C. 20534

Defendant:  Harley Lappin
Director of the Fed. B.O.P.
Address:  Fed. B.O.P.
320 First St., N.W., Washington, D.C. 20534

Defendant:  _____
_____
Address:  _____
_____

## V.    STATEMENT OF CLAIM

State here briefly as possible the <u>facts</u> of your case.  Describe how each defendant is involved. Include the names of other persons involved, dates, and places.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach extra sheets, if necessary.

The policies and practices which defendants Holinka, Watts, and Lappin enforce, authorize, and approve of violate the First Amendment of the United States Constitution.  Jurisdiction is pursuant to 28 U.S.C. § 1331; 28 U.S.C. § 2201; 5 U.S.C. § 701 et seq. (APA).

**I.  The rejection of the July 2006 issue of American Curves was unconstitutional**

1.  Plaintiff Ballard is a prisoner at F.C.I. Waseca.
2.  On June 27, 2006, the prison mail room received a magazine sent to Plaintiff. The magazine was the July 2006 issue of American Curves.
3.  The mail room staff would not allow Plaintiff to possess the July 2006 issue of American Curves.

(see extra sheets)

**VI.   RELIEF**

State briefly exactly what you want the Court to do for you.
A.  Trial by jury.
B.  Compensatory damages of $25,000 against each Defendant.
C.  Punitive damages of $50,000 against each Defendant.
D.  A preliminary injunction and a permanent injunction against all Defendants barring them from rejecting magazines under the Ensign amendment that do not contain nudity on a routine or regular basis.
E.  A declaratory judgment holding that a magazine that does not depict nudity in at least 50% of its issues does not "feature" nudity as the term "feature" is used in P.S. 5266.10 ¶ 7(b)(3).
F.  Costs, prejudgment interest, attorney fees, and any other relief which Plaintiff is entitled to.

Signed this __13__ day of ___June___, __2007__.

_Stephen C. Ballard_
(Signature of Plaintiff)

I declare under penalty of perjury that the foregoing is true and correct.

__6-13-07__
(Date)

_Stephen C. Ballard_
(Signature of Plaintiff)

4. Pursuant to B.O.P. Program Statement 5266.10 ¶ 6(b)(7), "Only the Warden may reject an incoming publication. In the Warden's absence, only the Acting Warden may perform this function."

5. The prison provided Plaintiff Ballard with a document entitled "Notification to Inmate of Return of Publication or Materials." Therein, the notice stated that the July 2006 issue of American Curves magazine had been returned to the publisher "in accordance with the Bureau of Prisons appropriations act, formerly known as the Ensign Amendment." The notice contended that the "material is sexually explicit or features nudity."

6. Plaintiff Ballard requested to see the magazine so that he could prepare an administrative remedy request, but his request to see the magazine was denied.

7. The July 2006 issue of American Curves did not contain a pictorial description of actual or simulated sexual acts including sexual intercourse, oral sex, or masturbation, or analingus, or sexual penetration with an object.

8. The July 2006 issue of American Curves did not feature bestiality or involve children.

9. Pursuant to Program Statement 5266.10 ¶ 7(b)(3), commercial publications which contain nudity, i.e., a pictorial depiction where genitalia or female breasts are exposed, may be distributed to inmates. P.S. 5266.10 ¶ 7(b)(3) explicitly states that "Sports magazine swimsuit issues" that contain pictorial depictions of genitalia or female breasts may be distributed to inmates because the magazine does not "feature" nudity, defined as: **Features** means the publication contains depictions of nudity or sexually

1.

explicit conduct on a routine or regular basis or promotes itself based upon such depictions in the case of individual one-time issues.

10.    The July 2006 issue of American Curves did not promote itself based upon depictions of nudity or sexually explicit conduct.

11.    American Curves does not contain depictions of nudity or sexually explicit conduct on a routine or regular basis.

12.    Plaintiff had received approximately three issues of American Curves prior to his July 2006 issue being rejected by the prison mail room.  None of those issues contained depictions of nudity or sexually explicit conduct.

13.    American Curves is a sports magazine swimsuit issue.

14.    A magazine which contains depictions of female breasts on an occasional, non-routine, or irregular basis does not fall under the prohibition which prevents the Federal Bureau of Prisons from distributing commercially published material to a prisoner (the Ensign Amendment).

15.    The October 2006 issue of Esquire magazine contained depictions of female breasts on page 80.

16.    The Ensign Amendment did not prohibit F.C.I. Waseca from distributing the October 2006 issue of Esquire.

17.    F.C.I. Waseca did distribute the October 2006 issue of Esquire.

18.    Prior to the prison rejecting the July 2006 issue of American Curves, none of Plaintiff's issues had been rejected.

19.    Warden Holinka enforced, or acquiesced in the enforcement of, the rejection of the July 2006 issue of American Curves.

2.

20. Defendant Harrell Watts enforced, or acquiesced in the enforcement of, the rejection of the July 2006 issue of <u>American Curves</u>.

21. Defendant Lappin enforced, or acquiesced in the enforcement of, the rejection of the July 2006 issue of <u>American Curves</u>.

22. On August 7, 2006, Plaintiff Ballard filed a Request for Administrative Remedy (BP-9) regarding the rejection of his July 2006 issue of <u>American Curves</u>. Therein, he argued, among other issues, that the "magazine neither contains nudity or sexually explicit conduct on a routine or regular basis, nor promotes itself based upon such depictions."

23. Warden Holinka denied Plaintiff's BP-9. In her denial, the Warden stated, "The July 2006 issue of <u>American Curves</u> contained photographs of exposed female breasts on page 40." The Warden did not claim that the magazine "features" nudity, as the term "features" is defined in P.S. 5266.10 ¶ 7(b)(3).

24. On November 13, 2006, Plaintiff Ballard filed a Request for Administrative Remedy to the B.O.P. Central Office (BP-11). Therein, Plaintiff stated, among other arguments, "I will remind you that a depiction of a female breast in a magazine that does not 'feature' nudity cannot be rejected under P.S. 5266.10 Section 7 (the Ensign Amendment)."

25. In denying Plaintiff's BP-11, Defendant Harrell Watts stated, "The above-referenced publication was rejected because it featured nudity as defined in P.S. 5266.10."

26. Defendants Holinka, Watts, and Lappin are interpreting the phrase "feature" to include a depiction in a single issue of

3.

a magazine which does **not** contain depcitions of genitalia or
female breasts on a routine or a regular basis.

27.  Defendants Holinka, Watts, and Lappin violated Plaintiff's
First Amendment rights by enforcing the rejection of Plaintiff's
July 2006 issue of <u>American Curves</u>.

28.  F.C.I. Waseca has distributed several issues of <u>American
Curves</u> to Plaintiff Ballard after the rejection of the July 2006
issue.

29.  None of the issues of <u>American Curves</u> which the prison
distributed to Plaintiff Ballard subsequent  to the rejection
of the July 2006 issue contained either nudity or sexually explicit
depictions.

30.  <u>American Curves</u> does not "feature" either nudity or
sexually explicit depcitions, as the term "feature" is defined
in P.S. 5266.10 ¶ 7(b)(3).

31.  It is the policy of F.C.I. Waseca to reject all issues
of <u>American  Curves</u> pursuant to the Ensign amendment if any issue
contains a depiction of a female breast, even if an issue for
the first time in the history of the magazine shows a female
breast.

32.  Defendant Holinka was aware of the policy referred
to in ¶ 31 above.

33.  Defendant Watts was aware of the policy referred to
in ¶ 31 above.

34.  Defendant Lappin was aware of the policy referred to
in ¶ 31 above.

35.  Prior to the prison's rejection of the July 2006 <u>American</u>

4.

<u>Curves</u>, the magazine did not have a history of containing depictions of genitalia, female breasts, or sexually explicit acts.

36.    In condoning and enforcing a policy which authorizes the rejection of a magazine under the authority of the Ensign Amendment, even if the magazine neither contains sexually explicit depcitions nor depictions of nudity on a routine or regular basis, nor promotes itself based upon nudity or sexually explicit depictions, Defendants acted with malice or reckless disregard for Plaintiff Ballard's First Amendment rights.


## II.  <u>First Amendment Rights - P.S. 5266.10 ¶ 7 is void for vagueness</u>

37.    Program Statement 5266.10 ¶ 7(b)(3) does not define the phrase "routine or regular basis."

38.    The Defendants have interpreted the phrase "routine or regular basis" to mean a single issue of a magazine.

39.    The phrase "routine or regular basis" is vague and subject to interpretation.


## III.  <u>First Amendment Rights - The prison's refusal to allow Plaintiff to purchase a reasonable number of stamps is unconstitutional</u>

40.    Warden Holinka instituted a policy of FCI Waseca limiting inmate stamp purchases to 20 first-class stamps per week, although an  inmate was allowed to possess 60 first-class stamps.  Prior to this policy an inmate could purchase 60 stamps per week, and possess 60 stamps.

41.    As a result of the Warden's 20-stamp purchase policy,

Plaintiff Ballard was unable to mail letters.

42. B.O.P. policy allows an inmate to purchase 60 first class stamps per week.

43. Warden Holinka's 20-stamp purchase policy was arbitrary and capricious.

44. Although the Warden claimed that a process existed through which an inmate could receive approval to purchase more than 20 stamps per week, in practice the process did not work.

45. The process which an inmate was required to comply with to obtain permission to purchase more than 20 stamps in a week was overly burdensome and cumbersome.

46. When Plaintiff sought permission to purchase more than 20 stamps in a week, he was told that permission was granted, but then when he went to the commissary to purchase stamps he was not allowed to purchase more than 20 stamps, because the paperwork had not been delivered to the commissary. Plaintiff showed the commissary prison guard his copy of the authorization but it was not accepted.

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

07-1166
RWR

## I (a) PLAINTIFFS

*STEPHEN C. BALLARD*

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _88856_
(EXCEPT IN U.S. PLAINTIFF CASES)

*PRO SE PR*

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

## DEFENDANTS

*CAROL HOLINKA, WARDEN ET AL*

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED

Case: 1:07-cv-01166
Assigned To : Roberts, Richard W.
Assign. Date : 6/29/2007
Description: Pro Se Gen. Civil

## II. BASIS OF JURISDICTION

(PLACE AN x IN ONE BOX ONLY)

□ 1 U.S. Government
Plaintiff

□ 3 Federal Question
(U.S. Government Not a Party)

☑ 2 U.S. Government
Defendant

□ 4 Diversity
(Indicate Citizenship of Parties
in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | □ 1 | □ 1 | Incorporated or Principal Place of Business in This State | □ 4 | □ 4 |
| Citizen of Another State | □ 2 | □ 2 | Incorporated and Principal Place of Business in Another State | □ 5 | □ 5 |
| Citizen or Subject of a Foreign Country | □ 3 | □ 3 | Foreign Nation | □ 6 | □ 6 |

## IV.  CASE ASSIGNMENT AND NATURE OF SUIT

**(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)**

### □ A. *Antitrust*

□ 410 Antitrust

### □ B. *Personal Injury/ Malpractice*

□ 310 Airplane
□ 315 Airplane Product Liability
□ 320 Assault, Libel & Slander
□ 330 Federal Employers Liability
□ 340 Marine
□ 345 Marine Product Liability
□ 350 Motor Vehicle
□ 355 Motor Vehicle Product Liability
□ 360 Other Personal Injury
□ 362 Medical Malpractice
□ 365 Product Liability
□ 368 Asbestos Product Liability

### □ C. *Administrative Agency Review*

□ 151 Medicare Act

**Social Security:**
□ 861 HIA ((1395ff)
□ 862 Black Lung (923)
□ 863 DIWC/DIWW (405(g)
□ 864 SSID Title XVI
□ 865 RSI (405(g)

**Other Statutes**
□ 891 Agricultural Acts
□ 892 Economic Stabilization Act
□ 893 Environmental Matters
□ 894 Energy Allocation Act
□ 890 Other Statutory Actions (If Administrative Agency is Involved)

### □ D. *Temporary Restraining Order/Preliminary Injunction*

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### □ E. *General Civil (Other)* OR ☑ F. *Pro Se General Civil*

**Real Property**
□ 210 Land Condemnation
□ 220 Foreclosure
□ 230 Rent, Lease & Ejectment
□ 240 Torts to Land
□ 245 Tort Product Liability
□ 290 All Other Real Property

**Personal Property**
□ 370 Other Fraud
□ 371 Truth in Lending
□ 380 Other Personal Property Damage
□ 385 Property Damage Product Liability

**Bankruptcy**
□ 422 Appeal 28 USC 158
□ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
□ 535 Death Penalty
□ 540 Mandamus & Other
☑ 550 Civil Rights
□ 555 Prison Condition

**Property Rights**
□ 820 Copyrights
□ 830 Patent
□ 840 Trademark

**Federal Tax Suits**
□ 870 Taxes (US plaintiff or defendant
□ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
□ 610 Agriculture
□ 620 Other Food &Drug
□ 625 Drug Related Seizure of Property 21 USC 881
□ 630 Liquor Laws
□ 640 RR & Truck
□ 650 Airline Regs
□ 660 Occupational Safety/Health
□ 690 Other

**Other Statutes**
□ 400 State Reapportionment
□ 430 Banks & Banking
□ 450 Commerce/ICC Rates/etc.
□ 460 Deportation

□ 470 Racketeer Influenced & Corrupt Organizations
□ 480 Consumer Credit
□ 490 Cable/Satellite TV
□ 810 Selective Service
□ 850 Securities/Commodities/ Exchange
□ 875 Customer Challenge 12 USC 3410
□ 900 Appeal of fee determination under equal access to Justice
□ 950 Constitutionality of State Statutes
□ 890 Other Statutory Actions (If not administrative agency review or Privacy Act

## No Summons Issued

| ☐ G. Habeas Corpus/ 2255 | ☐ H. Employment Discrimination | ☐ I. FOIA/PRIVACY ACT | ☐ J. Student Loan |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment<br>(criteria: race, gender/sex,<br>national origin,<br>discrimination, disability<br>age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions<br>(if Privacy Act)<br><br><br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student<br>Loans (excluding veterans) |

| ☐ K. Labor/ERISA (non-employment) | ☐ L. Other Civil Rights (non-employment) | ☐ M. Contract | ☐ N. Three-Judge Court |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting &<br>Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights<br>Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-<br>Employment<br>☐ 446 Americans w/Disabilities-<br>Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment &<br>Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of<br>Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting<br>Rights Act) |

**V. ORIGIN**

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ Multi district Litigation  ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

*42 USC 1983*

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS ☐ ACTION UNDER F.R.C.P. 23   DEMAND $ _____ Check YES only if demanded in complaint   JURY DEMAND: ☐ YES   ☐ NO

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   ☐ YES   ☐ NO   If yes, please complete related case form.

DATE _6.29.07_   SIGNATURE OF ATTORNEY OF RECORD _(sig)_

## INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed <u>only</u> if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the <u>primary</u> cause of action found in your complaint. You may select only <u>one</u> category. You <u>must</u> also select <u>one</u> corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

N:\forms\js-44.wpd

