# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
)
**STEPHEN C. BALLARD,**                )
)
                    **Plaintiff**      )
)
                                       ) **Civil Action No. 07-1166 (RWR)**
          **v.**                       ) **(ECF)**
)
**CAROL HOLINKA, et al.**              )
)
                    **Defendants.**    )
_____)

## DEFENDANTS' MEMORANDUM OF LAW IN REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

Carol Holinka, Harrell Watts and Harley Lappin (collectively "Defendants"), in their

official and individual capacities, respectfully submit this memorandum of law in reply to

Plaintiff's opposition to Defendants' Motion to Dismiss.  Plaintiff brings this action alleging that

Defendants violated his First Amendment rights by "enforc[ing] [] or acquiesc[ing] in the

enforcement of [] the rejection of [his] July 2006 issue of *American Curves*" magazine.  Pl's

Compl., ¶¶19-21.[1]  The gravamen of Plaintiff's complaint is that he should not have been denied

delivery of his July 2006 issue of *American Curves* Magazine because the magazine does not

feature nudity or sexually explicit depictions as the term "feature" is defined in the Ensign

Amendment and regulations promulgated thereunder.[2]  *Id*. at ¶30.  Moreover, Plaintiff alleges

that Bureau of Prisons ("BOP") regulations permit "'[s]ports magazines swimsuit issues' that

---

[1]     Although Plaintiff specifically references 42 U.S.C. §1983 in his complaint, a fair reading of same reveals that he may have inadequately attempted to plead a *Bivens* claim.

[2]     *See* Ensign Amendment, Omnibus Consolidated Appropriations Act of 1997, Pub. L. No. 104-208, §614.

contain pictorial depictions of genitalia or female breast" to be distributed to inmates because such magazines "do[] not 'feature' nudity" as defined in the relevant regulations. *Id*. at ¶9. Plaintiff alleges that *American Curves* is a magazine swimsuit issue. *Id*. at ¶13.[3] He further alleges that he received copies of *American Curves* prior to July 2006 and that he has received copies thereafter. *Id*. at ¶¶12, 28. On a related issue, Plaintiff alleges that Warden Holinka's policy of limiting inmates' stamp purchases to twenty (20) a week is arbitrary and capricious in light of the BOP's policy of permitting the purchase of sixty (60) a week. *Id*. at ¶¶40-46.

In his response to Defendants' Motion to Dismiss, Plaintiff argues, and Defendants do not dispute, that he "retains his First Amendment rights that are not inconsistent with incarceration." Pl. Opp. at 2. However, he incorrectly argues that "[b]efore there can be a bald restriction on a prisoner's First Amendment rights, it must be shown that the subject material is of the type which poses a threat to prison order." *Id*. In response to Defendants' *respondeat superior* argument, Plaintiff maintains that Defendants "enforced [] or acquiesced" in the violation of his First Amendment rights. *Id*. at 4. With regard to venue, Plaintiff is under the mistaken impression that proper venue lies in this District because "Watts and Lappin perform their duties within [this] jurisdiction...[and] Warden Holinka is located at an outpost that responds to the directive issued from the Washington offices." *Id*. at 5. Plaintiff also mistakenly believes that Defendants seek "to remove [this action] to state court." *Id*. Citing no legal support, Plaintiff argues that Warden Holinka's twenty (20) stamp per week purchase maximum is arbitrary and capricious. Finally, Plaintiff appears to argue that Defendants are not entitled to qualified immunity because it "is not a blanket protection" *Id*. at 7.

---

[3]    See www.americancurvesmag.com

A review of the relevant and controlling law mandates that Plaintiff's complaint be dismissed.  In 1979, the BOP established procedures that generally permit inmates to subscribe to, or to receive, a publication without prior approval, but authorize the warden to reject a publication in certain circumstances.  *Thornburgh v. Abbot*, 490 U.S. 401 (1989)( upholding BOP regulations governing prisoner receipt of publications from the outside under the *Turner v. Safley* and concluding that the BOP regulations were reasonably related to legitimate penological interests).  The warden may reject it "only if it is determined detrimental to the security, good order, or discipline of the institution or if it might facilitate criminal activity."  *Id*. at 405; 28 C.F.R. 540.70 *et. seq*.; BOP Program Statement 5266.10.  In 1996, Congress passed the Ensign Amendment, which bars the use of BOP funds to pay for the distribution of commercial material that "is sexually explicit or features nudity."  *Amatel v. Reno*, 156 F.3d 192, 194 (D.C. Cir. 1998)(uphold BOP regulations promulgated pursuant to the Ensign Amendment as reasonable under the *Turner v. Safley* test).[4]

The regulations promulgated pursuant to Ensign defined "nudity [as] a pictorial depiction where genitalia or female breast are exposed."  28 C.F.R. 540.72; BOP Program Statement 5266.10.  In addition, "'features' means the publication contains depictions of nudity...on a routine or regular basis or promotes itself based upon such depictions in the case of individual one-time issues."  *Id*.  As Plaintiff correctly stated, the regulation provides that commercial publications that do not feature nudity include sports magazine swimsuit issues.  *Id*.

---

[4]    The Ensign Amendment provides that "[n]one of the funds made available in this Act to the [BOP] may be used to distribute or make available any commercially published information or material to a prisoner when it is made known to the Federal official having authority to obligate or expend such funds that such information or material is sexually explicit or features nudity."

In accordance with the above and in response to Plaintiff's Request for Administrative

Remedy, Warden Holinka upheld the "Mail Room staff['s]" decision to deny Plaintiff a copy of

his *American Curves* magazine because it contained photographs of exposed female breasts on

page 40 in violation of 28 C.F.R. 540.72(b)(2).[5]  *See* Request for Administrative Remedy and

Responses, attached hereto as *Ex.* A.[6]

According to BOP Program Statement 4500.05, " [o]rdinarily, the Commissary shall sell

no more than 60 postage stamps...per commissary visit."  This regulation allows for exceptions

authorized by the Associate Warden.  *Id.*  Plaintiff erroneously interprets this statement to mean

that the BOP is obligated to sell him no less than sixty stamps every week.  *See* Plaintiff's

Request for Administrative Remedy, attached hereto as *Ex.* B.  In her response to Plaintiff's

administrative request, Warden Holinka notified Plaintiff that the Warden has discretion to

reduce the quantity of stamps an inmate may purchase and possess as long as provisions are in

place for the purchase of additional stamps when there is a valid need.  *Id.*  Defendant Watts, in

his capacity as Administrator of Inmate Appeals, upheld Warden Holinka's decision.  *Id.*

**American Curves**

"[P]rison walls do not form a barrier separating prison inmates from the protections of the

Constitution."  *Thornburgh*, 490 U.S. 401 at 407 (quoting *Turner v. Safley*, 482 U.S. 78, 84

(1976).  However, these rights must be exercised with due regard for the "inordinately difficult

---

[5]        The Warden's authority to return publications prohibited under this section may
be delegated to Mail Room Staff.  BOP Program Statement 5266.10.  Indeed, Plaintiff's
administrative request mentions that he "also appeal[s] Mr. Isaacson's refusal to let [him] view
the magazine...."

[6]        Also attached is the January 24, 2007, administrative denial by Harrell Watts in
his capacity at Administrator of National Inmate Appeals.

undertaking" that is modern prison administration. *Id.* Accordingly, moving away from the less deferential standard of review established in earlier cases, *Procunier v. Martinez*, 416 U.S. 396 (1974), the *Turner* court adopted a reasonableness standard that "is necessary if 'prison administrators...and not the courts are to make difficult judgments concerning institutional operations.'" *Thornburgh*, *supra*, (quoting *Jones v. North Carolina Prisoners' Lab. Union, Inc.*, 433 U.S. 119, 128 (1977)).

In light of the foregoing, the instant matter turns on whether withholding Plaintiff's *American Curves* magazine, which contained nudity bore a rational connection to the prison's legitimate interests in rehabilitation, security, discipline and good order of the institution. *Amatel*, *supra*, 156 F.3d 192 at 196 (noting that the only requirement is that there be a rational connection between the goal and the regulation). Here, a decision was made to withhold Plaintiff's magazine because it contained nudity as defined in the Ensign Amendment and BOP regulations. Plaintiff has thus far failed to allege sufficient facts to establish that *American Curves* does not feature nudity so as to avoid dismissal. The record does reflect that the July 2006 issue of *American Curves* contained photos of exposed breasts on page 40 and prison officials made a decision well within their discretion not to deliver to Plaintiff. Prison officials made a rational decision that allowing the July 2006 issue of *American Curves* to reach Plaintiff and possibly circulate in the Prison would be contrary to legitimate penological interests. Notably, Prison officials retain discretion to withhold publications that contain nudity beyond the provisions of the Ensign Amendment. The regulations at issue here are not significantly different from the regulations at issue in *Thornburgh*. The other *Turner* factors are easily met here because, as Plaintiff readily admits, he has continued to receive issues of *American Curves*.

**Personal Jurisdiction on Defendant Holinka**

Additionally, Plaintiff has not carried his burden to establish that this Court has personal jurisdiction over Defendant Holinka. The D.C. Circuit has set forth a two-part inquiry for establishing personal jurisdiction over a non-resident defendant. *See Cornell v. Kellner*, 539 F.Supp.2d 311, 314 (D.D.C. 2008). First, a court must "examine whether jurisdiction is applicable under the state's long-arm statute," and second, "determine whether a finding of jurisdiction satisfies the constitutional requirements of due process." *Id*. at 314-15 (quoting *GTE New Media Servs. v. BellSouth Corp.*, 199 F.3d 1343, 1347 (D.C. Cir. 2000)). Plaintiff has not carried this burden. In fact, Plaintiff has not responded to this argument at all. Rather, it appears from his response to Defendants' venue argument that Plaintiff contends this Court should have jurisdiction because Defendant Holinka's orders presumably come from Washington. On the contrary, the Court may not assert jurisdiction over an individual defendant solely based on actions taken pursuant to his employment. *Id*. (citing *Islamic Am. Relief Agency v. Unidentified FBI Agents*, 394 F. Supp. 2d 34, 58 (D.D.C. 2005)).

**Venue**

Plaintiff's objections to Defendants' venue argument is similarly flawed. Plaintiff argues that venue is proper in this District because "Watts and Lappin perform their duties within [this] jurisdiction [and] Warden Holinka is located at an outpost that responds to the directives issued from Washington...." Pl's Opp. at 5. Venue is not proper in this District of Columbia under 28 U.S.C. § 1391(b) because none of the Defendants reside in the District of Columbia and a substantial part of the alleged events or omissions giving rise to Plaintiff's claims did not take place in the District of Columbia but rather in Minnesota. Because venue is improper, the Court

should dismiss plaintiff's constitutional claims under Fed. R. Civ. P. 12(b)(3).  Under 28 U.S.C. § 1406(a), if the venue is improper, the Court may transfer the case to a district where it could have been properly brought in the interest of justice.  However, this case would be subject to dismissal no matter where it is transferred because Plaintiff fails to state a claim upon which relief can be granted.

### Qualified Immunity

Plaintiff does not make any compelling arguments in response to Defendants' qualified immunity claims.  The District of Columbia Circuit Court established a two-prong test to review the applicability of the qualified immunity defense.  First, the court will look at whether "the facts show the officer's conduct violated a constitutional right." *Lederman v. United States*, 291 F.3d 36, 46 (D.C. Cir. 2002) (citations omitted).  Defendants are only liable "if they knew, or were unreasonable in not knowing, that their behavior violated the Constitution." *Harris v. District of Columbia*, 932 F.2d 10, 13 (D.C. Cir. 1991).  Second, the Court will look at whether the right was clearly established.  In assessing whether a particular right is sufficiently established to place a defendant on notice that his conduct was unconstitutional, the D.C. Circuit looks to decisions of "the Supreme Court, the District of Columbia Circuit, and, to the extent there is a consensus, other circuits [that] have spoken clearly on the lawfulness of the conduct at issue." *Butera v. District of Columbia*, 235 F.3d 637, 652 (D.C. Cir. 2001).

On this specific issue, the first step under two-prong test is whether Defendants' conduct violated plaintiff's constitutional rights through the application of valid prison regulations, or by denying him the publication at issue. *Nelson v. Woodford*, 2006 U.S. Dist. Lexis 11120, *32 (N.D. Ca 2006).  Even if Defendants' actions violated Plaintiff's constitutional rights, Defendants

are entitled to qualified immunity because it would not have been clear to a reasonable official that such actions were unlawful under the specific circumstances of this case. *Id*.

In light of *Amatel*, *supra*, it is difficult to see how Warden Holinka's conduct constituted a violation of Plaintiff's constitutional rights. Under the *Turner* test applied in *Amatel*, Warden Holinka certainly had the discretion to deny Plaintiff a copy of *American Curves* because it contained pictures of exposed breasts. Certainly, Warden Holinka and her designees had a legitimate penoligical interest in withholding the publication.[7] By the same token, it is difficult to see how Plaintiff can establish that his First Amendment right to receive his copy of *American Curves* was clearly established.

Furthermore, Defendant Watts is entitled to qualified immunity to the extent Plaintiff's claims are premised entirely on his role in the BOP's internal appeals process. *Neal v. Watts*, 2008 WL 748321, *3-*4 (D.D.C. 2008). Similarly, Defendant Lappin is protected since respondeat superior liability is foreclosed and since his only involvement in this matter is as Director of BOP.

**Respondeat Superior**

Supervisory personnel may not be forced to defend a *Bivens* action under the doctrine of respondeat superior. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Cameron v. Thornburgh*, 983 F.2d 253, 258 (D.C. Cir. 1993). Under the doctrine of *respondeat superior*, supervisory officials named as defendants cannot be held accountable for the actions of their subordinates unless they were personally involved, or had knowledge of and approved, the unconstitutional acts. *Id*.

---

[7]     Defendant Holinka's letter clearly stated that Plaintiff's publication was withheld by "Mail Room" staff. Accordingly, Defendant Holinka, as well as the other Defendants, should be dismissed on a *respondeat superior* theory.

Plaintiff has failed to allege with any requisite specificity how Defendants were personally involved even assuming his First Amendment rights were violated. *Marshall v. Reno*, 915 F. Supp. 426, 430 (D.D.C. 1996) (Absent allegations that defendants Reno and Hawk personally participated in the events which gave rise to the plaintiff's claims, or corroborative allegations to support the inference that these defendants had notice of or acquiesced in the improper securing of detainers against the plaintiff by their subordinates, dismissal is appropriate).

Finally, Plaintiff's argument that he is entitled to purchase no less than sixty (60) stamps per commissary visit is entirely without merit. First, the plain language of the program statement contradicts Plaintiff's position because it gives the Warden discretion to lower the number of stamps as necessary. Because stamps have attributes of currency, prison officials had discretion to regulate them to avoid theft and disputes. *Johnson v. Goord*, 445 F.3d 532 (2d Cir. 2006).

For the foregoing reasons, Defendants respectfully request that their Motion to Dismiss or Transfer should be granted

July 31, 2008                          Respectfully submitted,

                                      _/s/_____
                                      JEFFREY A. TAYLOR, D.C. BAR # 498610
                                      United States Attorney

                                      _/s/_____
                                      RUDOLPH CONTRERAS, D.C. BAR # 434122
                                      Assistant United States Attorney

                                      _/s/_____
                                      KENNETH ADEBONOJO
                                      Assistant United States Attorney
                                      Judiciary Center Building
                                      555 4th Street, N.W. – Civil Division
                                      Washington, D.C.  20530
                                      (202) 514-7157

## CERTIFICATE OF SERVICE

I certify that I caused copies of the foregoing Defendants' Reply to Plaintiff's opposition

to Defendants' Motion to Dismiss to be served by first class mail upon *pro se* plaintiff at:

Stephen C. Ballard, Reg. # 10720-031
Federal Correctional Institution
P.O. Box 1500
El Reno, Ok
73036


on this 31st day of July, 2008.        _____/s/_____
                                       KENNETH ADEBONOJO
                                       Assistant United States Attorney

Federal Bureau of Prisons

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

| From: | Ballard, Stephen | 10720-031 | B | FCI Waseca, MN |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A- INMATE REQUEST**

    I am appealing the rejection of my July 2006 issue of American Curves. The rejection was pursuant to P.S. 5266.10 section 7. That section only allows the rejection of a magazine that either features "nudity" (pictorial depiction where genitalia or female breasts exposed) or "sexually explicit conduct." The July issue of Curves contains no "nudity' or "sexually explicit conduct" as defined in P.S. 5266.10 section 7(b)(1-4). The magazine contains no pictorial depictions of actual or simulated sexual acts. I remind you that for purposes of section 7, "written text in the publication does not qualify a publication as sexually explicit." I also appeal Mr. Isaacson's refusal to let me review the magazine for the purposes of preparing this appeal.

    Additionally, American Curves does not "feature nudity" as that term is defined in P.S. 5266.10 section 7(b)(3), as this magazine neither contains nudity or sexually explicit conduct on a routine or regular basis, nor promotes itself based upon such depictions. This magazine is similar to a sports magazine swimsuit issue, which under sec. 7(b)(3) "may be distributed to inmates even though they may contain nudity because the publication does not feature nudity as defined above."

    Finally, I object to the dilatory tactics employed in addressing my BP-8. I originally
                  (see attachment)

| 8-07-06 | *Stephen C Ballard* |
|---|---|
| DATE | SIGNATURE OF REQUESTER |

**Part B- RESPONSE**

See Attached

| | WARDEN OR REGIONAL DIRECTOR |
|---|---|
| DATE | |

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

CASE NUMBER: 423498-F1

**THIRD COPY: RETURN TO INMATE**

CASE NUMBER: 423498-F1

**Part C- RECEIPT**

Return to: _____
          LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

SUBJECT: _____

| | |
|---|---|
| DATE | RECIPIENT'S SIGNATURE (STAFF MEMBER) |

filed it on June 28, 2006; it was "lost" twice and I did not receive any response until August 4, 2006.  That response, "Unable to resolve inmate wants to pursue issue at a higher level," should not have taken 36 days.  This is ridiculous.

**ADMINISTRATIVE REMEDY RESPONSE**
**BALLARD, Stephen**
**Reg. No. 10720-031**
**Log No. 423498-F1**

This is in response to your Request for Administrative Remedy which was received on August 14, 2006. You appeal the rejection of your July 2006 issue of <u>American Curves</u> magazine. In addition, you asserted that your BP-8 was handled improperly because it was lost on two occasions and the response to your BP-8 was late.

Program Statement 5266.10, <u>Incoming Publications</u>, and 28 C.F.R. § 540.72 provide:

> None of the funds made available in this Act to the Federal Bureau of Prisons may be used to distribute or make available any commercially published information or material to a prisoner when it is made known to the Federal Official having authority to obligate or expend such funds that such information or material is sexually explicit or features nudity.

They also provide that Mail Room staff are to return publications found to be non-distributable on the basis of definitions listed in subsection 7(b). The definition as states in section 7(b)(2) is as follows:

> <u>Nudity</u> means a pictorial depiction where genitalia or female breasts are exposed.

The July 2006, issue of <u>American Curves</u> contained photographs of exposed female breasts on page 40. It has been noted that you requested a BP8 from a counselor in a different unit in addition to the BP8 you requested from your counselor regarding the same issue. This caused staff to believe one was voided. According to the Program Statement and the regulation, the publication may be rejected on the above basis.

Therefore, your Request for Administrative Remedy is denied. If you are dissatisfied with this response, you may file an appeal with the North Central Regional Director, Federal Bureau of Prisons, North Central Regional Office, 400 State Avenue, Tower II, Suite 800, Kansas City, Kansas 66101-2492, within twenty (20) calendar days of the date of this response.

_____              _____9/15/06_____
C. Holinka, Warden                    Date

**Regional Administrative Remedy Appeal**

U.S. Department of Justice
Federal Bureau of Prisons

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

| From: | Ballard, Stephen | 10720-031 | B | FCI Waseca, MN |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A - REASON FOR APPEAL**

I am appealing the rejection of my July 2006 issue of American Curves. The rejection was pursuant to P.S. 5266.10 section 7. That section only allows the rejection of a magazine that either features "nudity" (pictorial depiction where genitalia or female breasts exposed) or "sexually explicit conduct." The July issue of Curves contains no "nudity" or "sexually explicit conduct" as defined in P.S. 5266.10 section 7(b)(1-4). The magazine contains no pictorial depictions of actual or simulated sexual acts. I remind you that for purposes of section 7, "written text in the publication does not qualify a publication as sexually explicit. I also appeal Mr. Isaacson's refusal to let me review the magazine for the purposes of preparing this appeal.

Additionally, American Curves does not "feature nudity" as that term is defined in P.S. 5266.10 section 7(b)(3), as this magazine neither contains nudity or sexually explicit conduct on a routine or regular basis, nor promotes itself based upon such depictions. This magazine is similar to a sports magazine swimsuit issue, which under sec. 7(b)(3) "may be distributed to inmates even though they may contain nudity because the publication does not feature nudity as defined above."

**(see attachment)**

| 9-21-06 | Stephen C. Ballard |
|---|---|
| DATE | SIGNATURE OF REQUESTER |

**Part B - RESPONSE**

OCT 3 0 2006

SEE ATTACHED RESPONSE

| | REGIONAL DIRECTOR |
|---|---|
| DATE | |

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

SECOND COPY: RETURN TO INMATE

CASE NUMBER: _____

**Part C - RECEIPT**

CASE NUMBER: _____

| Return to: | | | | |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

SUBJECT: _____

| | |
|---|---|
| DATE | SIGNATURE, RECIPIENT OF REGIONAL APPEAL |

BP-230(13)
JUNE 2002

In the warden's response to my BP-9, she justified her rejection on the ground that the magazine "contained photographs of exposed female breasts on page 40." The warden also emphasized, "Nudity means a pictorial depiction where genitalia or female breasts are exposed."

First of all, the magazine did not contain photos of exposed female breasts. Second, assuming that such was the case, this would be insufficient for rejecting the magazine. Magazines must be distributed to prisoners even though they contain nudity if the magazine does not "feature nudity" as defined in P.S. 5266.10 section 7(b)(3). Predictably, the warden did not explain how the magazine "featured" nudity. Because the magazine does not contain nudity on a routine or regular basis and it did not promote itself based upon nudity depictions in this issue, the magazine should not have been rejected.

Finally, I object to the dilatory tactics employed in addressing my BP-8. I originally filed it on June 28, 2006; it was "lost" twice and I did not receive any response until August 4, 2006. That response, "Unable to resolve inmate wants to pursue issue at a higher level," should not have taken 36 days. This is ridiculous.

The warden's explanation for the mishandling of my BP-8 is incorrect; I did not request multiple BP-8 forms. Each time that I was told that my BP-8 was lost, I submitted a copy of the original BP-8. I did not request another BP-8.

Ballard, Stephen    10720-031    Attachment BP-10

**U.S. Department of Justice**
**Federal Bureau of Prisons**
**North Central Regional Office**

**Regional Administrative Remedy Appeal**
**Part B - Response**

---

**Admin Remedy Number**: 423498-R1

---

This is in response to your Regional Administrative Remedy Appeal dated September 21, 2006, wherein you state that your July 2006 issue of the publication titled *American Curves* should not have been returned because the publication does not contain sexually explicit material or features nudity. In addition, you state that you were not given the opportunity to review the material for appeal purposes. For relief, you request that the publication be returned to you.

We have reviewed your appeal and find that the publication was rejected in accordance with Program Statement 5266.10, entitled <u>Incoming Publications</u>. Due to the statutory restrictions of the Ensign Amendment, an inmate's review for appeal purposes of material that features nudity or contains sexually explicit material is precluded. Therefore, we concur with the Warden's response dated September 15, 2006.

Based on the above information, your Regional Administrative Remedy Appeal is denied.

If you are dissatisfied with this response, you may appeal to the Office of General Counsel, Federal Bureau of Prisons, 320 First Street, NW, Washington, D.C. 20534. Your appeal must be received in the Office of General Counsel within 30 days from the date of this response.

10/27/06
Date

Michael K. Nalley, Regional Director

U.S. Department of Justice

Federal Bureau of Prisons

**Central Office Administrative Remedy Appeal**

Type or use ball–point pen. If attachments are needed, submit four copies. One copy each of the completed BP–DIR–9 and BP–DIR–10, including any attachments must be submitted with this appeal.

| From: | Ballard, Stephen | 10720-031 | B | FCI-Waseca |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A—REASON FOR APPEAL**

I am appealing the rejection of my July 2006 issue of <u>American Curves</u> magazine. I am incorporating by reference my BP-9 and BP-10. I will remind you that a depiction of a female breast in a magazine that does not "feature" nudity cannot be rejected under P.S. 5266.10 Section 7 (the Ensign Amendment). <u>American Curves</u> does not contain depictions of nudity or sexually explicit conduct on a routine or regular basis or promote itself based upon such depictions. The Warden violated my First Amendment rights.

**REQUEST FOR RELIEF:** Monetary damages of $10,000.00, and injunctive and declaratory relief..

| November 13, 2006 | Stephen C. Ballard |
|---|---|
| DATE | SIGNATURE OF REQUESTER |

**Part B—RESPONSE**

**RECEIVED**

NOV 2 0 2006

Administrative Remedy Section
Federal Bureau of Prisons

| DATE | |
|---|---|
| | GENERAL COUNSEL |

FIRST COPY: WASHINGTON FILE COPY

CASE NUMBER: 423498-A1

**Part C—RECEIPT**

CASE NUMBER: _____

Return to: _____

| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |
|---|---|---|---|---|

SUBJECT: _____

| DATE | |
|---|---|
| | SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL |

USP LVN

BP-231(13)
APRIL 1982

**Administrative Remedy No. 423498-A1**
**Part B - Response**

This is in response to your Central Office Administrative Remedy in which you appeal the rejection of your July 2006 issue of <u>American Curves</u>.  You request $10,000.00 in monetary damages and injunctive and declaratory relief.

The issue you raise is within the authority of the Warden as set forth in Program Statement (P.S.) 5266.10, <u>Incoming Publications</u>. P.S. 5266.10 states the Warden may reject a publication if it is sexually explicit material which by its nature or content poses a threat to the security, good order, or discipline of the institution, or facilitates criminal activity.  P.S. 5266.10 also includes the statutory restrictions under the Ensign Amendment regarding publications which are sexually explicit or contain nudity.  P.S. 5266.10 states "None of the funds made available in this Act to the Federal Bureau of Prisons may be used to distribute or make available any commercially published information or material to a prisoner when it is made known to the Federal Official having authority to obligate or expend such funds that such information or material is sexually explicit or features nudity."

The above-referenced publication was rejected because it featured nudity as defined in P.S. 5266.10 and noted in the Warden's response.  Therefore, we find the Warden's decision to be in compliance with the above-named statute and policy.

Accordingly, your appeal is denied.

January 24, 2007
_____
Date

_____
Harrell Watts, Administrator
National Inmate Appeals

U.S. DEPARTMENT OF JUSTICE                    **REQUEST FOR ADMINISTRATIVE REMEDY**
Federal Bureau of Prisons

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

| From: | Ballard, Stephen | 10720-031 | B | FCI-Waseca, MN |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A– INMATE REQUEST**

Warden Holinka signed a memo regarding the purchase and retention of postage stamps effective January 23, 2006. This memo institutes a new limit of 40 stamps for an inmate to possess and reduces the limit purchase to 20 stamps per week. FBOP Program Statement 5580.06 Attachment A "Inmate Personal Property List Authorized for Retention and Transfer Between Institutions National Limit" states I can possess "stamps c total value equivalent to (60, 1st class)." Attachment B is "Items for Possession at the Discretion of the Local Warden which may not be Transferred Between Institutions May Be Mailed Home or May Be Donated," stamps are not listed on the items for possession at the discretion of the local warden.

Counselor Ingvaldson's BP-8's response points me toward PS 4500.04 in an attempt to resolve this issue. However, his response only strengthens my argument.

P.S. 4500.04 Chapter 4522 page 4 states: "The commissary shall ordinarily sell no more than 60 postage stamps (for first-class, domestic, one ounce mailing), or the equivalent per commissary visit. An exception (see attachment)

| 3-1-06 | Stephen C. Ballard |
|---|---|
| DATE | SIGNATURE OF REQUESTER |

**Part B– RESPONSE**

See Attached

| | |
|---|---|
| DATE | WARDEN OR REGIONAL DIRECTOR |

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

**THIRD COPY: RETURN TO INMATE**                    CASE NUMBER: 405376-11

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
                                                    CASE NUMBER: 405376-F1

**Part C– RECEIPT**

Return to: _____
            LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.        UNIT        INSTITUTION

SUBJECT: _____

| | |
|---|---|
| DATE | RECIPIENT'S SIGNATURE (STAFF MEMBER) |

USP LVN                                                         BP–229(13)
                                                                APRIL 1982

may be made where visits are limited to one per week or less,
in which case, additional purchases of stamps may be authorized
by...the Unit Manager level."

I'm not trying to purchase **more** than the BOP instituted
limit of 60.  I'm only trying to purchase **up to** the BOP instituted
limit.

I used to purchase 60 stamps a week and I used them all
every week.  I mail out a lot of mail and most mail I send out
needs 4-8 stamps each.  The BOP has a national standard for the
possession and purchase of stamps and I need to be able to purchase
and possess that limit (60 stamps).

3-01-06

Stephen C. Ballard

2

**ADMINISTRATIVE REMEDY RESPONSE**
**BALLARD, Stephen**
**Reg. No.: 10720-031**
**Log. No.: 405376-F1**

This is in response to your Request for Administrative Remedy received on March 2, 2006, in which you state Program Statement 5580.06, <u>Personal Property, Inmate</u>, Attachment A, "Inmate Personal Property List Authorized for Retention & Transfer Between Institutions," allows you to possess and transfer with 60 first class stamps or the equivalent. You further state Attachment B of Program Statement 5580.06, "Items for Possession at The Discretion of The Local Warden Which May Not Be Transferred Between Institutions May Be Mailed Home Or May Be Donated," does not include stamps. As relief, you request to be allowed to purchase and possess 60 postage stamps each week.

An investigation into your request indicates it was management's decision to sell no more than 20 postage stamps (for first-class, domestic, one-ounce mailing), or the equivalent per Commissary visit and to allow inmates to possess no more than 40 postage stamps (for first-class, domestic, one-ounce mailing). Inmates have been advised to contact their Unit Manager for authorization to purchase additional stamps when there is a valid need. Attachment A of Program Statement 5580.06 is a list of items that are authorized for retention and transfer between institutions. A maximum quantity of each item is listed; however, there is not a minimum quantity. Attachment B is a list of only those items not allowed at all institutions. Therefore, stamps would not be listed on Attachment B.

Program Statement 4500.04, <u>Trust Fund Manual</u>, Chapter 4522, Page 4, states "The Commissary shall ordinarily sell no more than 60 postage stamps (for first-class, domestic, one-ounce mailing), or the equivalent per Commissary visit." A review of this policy by Bureau of Prisons Legal Staff indicated the Warden has the discretion to reduce the quantity of stamps an inmate may purchase and possess as long as provisions are in place for the purchase of additional stamps when there is a valid need.

Therefore, your Request for Administrative Remedy is denied. If you are dissatisfied with this response, you may file an appeal with the North Central Regional Director, Federal Bureau of Prisons, North Central Regional Office, 400 State Avenue, Tower II, Suite 800, Kansas City, Kansas 66101-2492, within 20 (twenty) calendar days of the date of this response.

_____          _____
C. Holinka, Warden                          Date    4/5/06

U.S. Department of Justice

Federal Bureau of Prisons

Regional Administrative Remedy Appeal

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-DIR-9 including any attachments must be submitted with this appeal.

From: **Ballard Stephen C**    10720-031    B    Waseca MN
LAST NAME, FIRST, MIDDLE INITIAL         REG. NO.         UNIT        INSTITUTION

### Part A—REASON FOR APPEAL

I have tryed to get extra stamps 3 times each time I was told to meet my councile he told me to meet him in his office and when I wen up there their was a line of people and I was unable to get them. But what I want is to buy the b.o.p. limit of 60 and I have not read anywhere where it has said that the warden can change the amount of stamps you can buy. I use 60 stamp a week every week I want to buy and pesess the b.o.p. National standard of 60 stamps. thank you

4-22-06                                    Stephen C Ballard
DATE                                      SIGNATURE OF REQUESTER

### Part B—RESPONSE

SEE ATTACHED RESPONSE

JUN 8   2006

_____                    _____
DATE                                    REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

SECOND COPY: RETURN TO INMATE          CASE NUMBER: _____

### Part C—RECEIPT

CASE NUMBER: _____

Return to: _____
         LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.        UNIT        INSTITUTION

SUBJECT: _____

USP LVN        DATE        Previous editions not usable        SIGNATURE, RECIPIENT OF REGIONAL APPEAL        BP-230(13)
                                                                                                        APRIL 1982

Department of Justice
Federal Bureau of Prisons
North Central Regional Office

Regional Administrative Remedy Appeal
Part B - Response

═══════════════════════════════════════════════════════════════

**Admin Remedy Number: 405376-R1**

═══════════════════════════════════════════════════════════════

This is in response to your Regional Administrative Remedy Appeal dated April 22, 2005, wherein you claim that you use 60 stamps per week. You claim that staff are not following policy by allowing you to purchase and possess the equivalent of 60 first class stamps per week. For relief, you request to be allowed to purchase and possess the equivalent of 60 first class stamps, which is the national standard.

We have reviewed your appeal and the Warden's response dated April 5, 2006. We have discussed your concerns with staff who have advised us that they have revisited their decision to limit inmates to the possession of the equivalent of 40 first class stamps. Staff will allow inmates to purchase the equivalent of 20 first class stamps per commissary visit, and to possess the equivalent of 60 first class stamps. Although Program Statement 5580.07, entitled Inmate Personal Property, authorizes an inmate to possess the equivalent of 60 first class stamps, it does not prohibit the Warden from placing purchasing restrictions on their sale. As you were previously informed, you will be allowed to purchase stamps in excess of 20 when you demonstrate the need to unit management staff. Unit management staff deny that you have attempted to obtain additional stamps as you claim. Since you will be authorized to possess the equivalent of 60 first class stamps, that portion of your appeal is considered moot.

Based on the above information, your Regional Administrative Remedy Appeal is denied in part and for informational purposes in part.

If you are dissatisfied with this response, you may appeal to the Office of General Counsel, Federal Bureau of Prisons, 320 First Street, NW, Washington, D.C. 20534. Your appeal must be received in the Office of General Counsel within 30 days from the date of this response.

6-2-06
_____
Date

_____
Michael K. Nalley, Regional Director

U.S. Department of Justice

Federal Bureau of Prisons

**Central Office Administrative Remedy Appeal**

---

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-DIR-9 and BP-DIR-10, including any attachments must be submitted with this appeal.

| From: | Ballard, Stephen | 10720-031 | B | FCI Waseca, MN |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A—REASON FOR APPEAL**

I am appealing the Warden's policy limiting me to purchasing 20 first-class stamps per week. I use at least 40 stamps per week, and some weeks as many as 60 stamps. Program Statement 4500-04 page 4 states that when a prisoner is limited to one commissary visit per week - as is the case here - a prisoner can be authorized to purchase **more** than 60 stamps per week. I need to purchase 60 stamps a week. If I can legally possess 60 stamps, then limiting my purchase to only 20 stamps is arbitrary and capricious, not to mention absurd. Finally, the process which I must comply with to obtain permission to purchase more than 20 stamps a week is cumbersome and overly burdensome. Limiting me to purchasing only 20 stamps, when I am allowed to possess 60, is violating my First Amendment right to send mail. See Turner v. Safley, 482 U.S. 78 (1987). Because I am allowed to possess 60 stamps, the policy of limiting me to purchasing 20 stamps fails the reasonable relationship test of Turner. If I can possess 60 stamps, I should be able to purchase 60 stamps.

6-15-06

DATE

_Stephen C. Ballard_

SIGNATURE OF REQUESTER

**Part B—RESPONSE**

**RECEIVED**

JUN 2 1 2006

Administrative Remedy Section
Federal Bureau of Prisons

| | |
|---|---|
| DATE | GENERAL COUNSEL |

FIRST COPY: WASHINGTON FILE COPY

CASE NUMBER: 405346-A1

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**Part C—RECEIPT**

CASE NUMBER: _____

Return to: _____

LAST NAME, FIRST, MIDDLE INITIAL         REG. NO.         UNIT         INSTITUTION

SUBJECT: _____

| | |
|---|---|
| DATE | SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL |

USP LVN

BP-231(13)
APRIL 1982

**Administrative Remedy Number 405376-A1**
**Part B - Response**

You protest the local limitation on the number of postage stamps which may be purchased by inmates during each visit to the commissary.  You request this limit be rescinded.

Our review of this matter reveals both the Warden and Regional Director have adequately addressed your concerns.  Program Statement 4500.04, <u>Trust Fund/Warehouse/Laundry Manual</u>, provides "The commissary shall ordinarily sell no more than 60 postage stamps (for first-class, domestic, one-ounce mailing), or the equivalent per commissary visit."  Due to the proclivity of inmates to hoard postage stamps and use such as currency, the Warden has established a limit of 20 postage stamps per commissary visit.  This limit is both reasonable and sufficient to meet the social correspondence needs of the overwhelming majority of the inmate population.  Further, the Warden has enacted a reasonable procedure by which inmates may purchase additional postage stamps if a demonstrable need exists.

Staff determinations regarding this matter are a reasonable exercise of sound correctional judgment which are believed to be in the best interests of the correctional environment.  We concur with that assessment.

Your appeal is denied.


_August 23, 2006_
Date

Harrell Watts, Administrator
National Inmate Appeals